The Court

(present, Rutledge, Ch. J. and Bay, J.)
mentioned to the jury, that the law had been very properly-stated to them by the counsel for the plaintiff. That it was true that in a covenant for peaceable enjoyment, or. on a general warranty, in such a case, the action would not lie at common law, without a previous eviction by suit at law. Vaugh. 118, 119. 1 Wood, 405. But, in a case like the present, where title and quantity were both warranted, that doctrine did not apply. In the latter cases, wherevfer there was a covenant for good title, and for the whole quantity — in each of these cases the action of covenant would lie, wherever the defect of title or deficiency in quantity was dissevered.
That the jury, if they were satisfied of the fact of so great a deficiency as one-third of the land being wanting, or of the uncertainty of the locations of the land, they might rescind the contract entirely, by giving damages in the manner recommended by the plaintiff’s counsel ; or, if they thought a reasonable abatement would do justice to the parties, they might make a deduction from the bonds, according to the injury sustained. That a jury, however, ought not to lend too easy an ear to suits of this kind, which tended to the dissolution of contracts, unless the strong and obvious features of the case would justify it. That the present, however, appeared to be one of that nature ; as it would be' extremely unjust, and unreasonable, that the plaintiff should pay so large a sum, unless he had at least so much of the tract remaining, and that with sufficient certainty, as to answer the main object of the purchase.
The jury found for the plaintiff, damages to the whole amount of the bonds and interest, with costs, so as to dissolve the contract in toto, and to oblige the defendants to deliver up the bonds.